UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

CHRISTOPHER DEFRANCO,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS, LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NORWEGIAN DAWN LIMITED, a foreign corporation, NCL AMERICA LLC, a Delaware Limited Liability Company.

    Defendants.
_____/

**COMPLAINT FOR MARITIME PERSONAL INJURY
DAMAGES WITH DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiff, CHRISTOPHER DEFRANCO, by and through the undersigned attorney and sues Defendants, NORWEGIAN CRUISE LINE HOLDINGS, LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NORWEGIAN DAWN LIMITED, a foreign corporation, NCL AMERICA LLC, a Delaware Limited Liability Company, and alleges as follows:

**JURISDICTION**

1. This action is within the diversity jurisdiction of this Court pursuant to 28 U.S.C. §1332.

2. This action is for damages involving a sum, exclusive of interest and costs, in excess of $75,000.00.

3. This action is within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

4. At all times material times hereto, Plaintiff CHRISTOPHER DEFRANCO was a fare paying passenger and business invitee on Defendant NORWEGIAN CRUISE LINE's cruise ship *M/S "NORWEGIAN DAWN" ("VESSEL")*.

5. At all times material hereto, Plaintiff CHRISTOPHER DEFRANCO was, and still is, a citizen and resident of Nassau County, New York.

## GENERAL ALLEGATIONS

6. On or about January 18, 2018, Plaintiff CHRISTOPHER DEFRANCO was seated in "The Gatsby Lounge" aboard the *M/S "NORWEGIAN DAWN"* when he suddenly and without warning was struck by a ceiling panel that fell upon his person.

7. At the aforementioned time and place, and due to the dangerous and unsafe condition of the ceiling, Plaintiff CHRISTOPHER DEFRANCO was caused physical injuries to his person, to include his right hand, abdomen, groin, back, and neck.

## COUNT I – NEGLIGENCE OF NORWEGIAN CRUISE LINE HOLDINGS, LTD.

**Plaintiff CHRISTOPHER DEFRANCO references, incorporates, and realleges the allegations of Paragraphs 1 through 7 as fully as if set forth herein.**

8. At all times material hereto, NORWEGIAN CRUISE LINE HOLDINGS, LTD., *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, was, and still is, a Bahamian or other foreign corporation doing business with substantial business contacts in Miami, Miami-Dade County, Florida.

9. At all times material hereto, Defendant NORWEGIAN CRUISE LINE HOLDINGS, LTD., *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, owned, operated, chartered, and/or managed the passenger cruise ship *M/S "NORWEGIAN DAWN,"* which was, and

still is, used for the transportation of passengers for hire upon international navigable waters.

10. At all times material hereto, Defendant NORWEGIAN CRUISE LINE HOLDINGS, LTD., *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, committed one or more of the acts set forth in Sections 48.081, 48.091, 48.181, 48.19, and/or 48.193, Florida Statutes.

11. At all times material hereto, Defendant NORWEGIAN CRUISE LINE HOLDINGS, LTD., *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed a duty to Plaintiff CHRISTOPHER DEFRANCO to exercise reasonable care under the circumstances for his safety, and to maintain the inside of its vessel, including the Gatsby Lounge, to make sure it was free from dangerous conditions including, but not limited to, loose ceiling panels which needed repair and/or maintenance.

12. Defendant NORWEGIAN CRUISE LINE HOLDINGS, LTD., *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, breached the aforesaid duty owed to Plaintiff CHRISTOPHER DEFRANCO by committing one or more of the following acts:

   a. Negligently failing to exercise reasonable care under the circumstances for Plaintiff CHRISTOPHER DEFRANCO's safety; and/or

   b. Negligently creating a dangerous and unsafe condition in the area where Plaintiff CHRISTOPHER DEFRANCO was struck by a falling ceiling panel and/or piece of the ceiling; and/or

   c. Negligently failing to maintain the ceiling and/or area where Plaintiff

CHRISTOPHER DEFRANCO was struck in a reasonably safe condition; and/or

d. Negligently failing to warn Plaintiff CHRISTOPHER DEFRANCO of the dangerous and unsafe condition in the Gatsby Lounge; and/or

e. Negligently failing to post any adequate warning signs or similar devices to alert Plaintiff CHRISTOPHER DEFRANCO to the dangerous and unsafe condition posed by the ceiling; and/or

f. Negligently failing to properly train and/or supervise its crew members and/or employees to properly inspect and maintain the area where Plaintiff CHRISTOPHER DEFRANCO was struck by falling ceiling panels; and/or

g. Negligently failing to implement policies or procedures to keep the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck safe during those hours of operation when passengers, such as Plaintiff CHRISTOPHER DEFRANCO, would most likely be utilizing the area; and/or

h. Negligently failing to institute safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the ceiling and/or areas where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe; and/or

i. Negligently failing to properly carry out safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the area where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe.

13. The dangerous and unsafe condition of the area where Plaintiff CHRISTOPHER DEFRANCO was struck was known to Defendant NORWEGIAN CRUISE LINE

HOLDINGS, LTD., *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, but was unknown and unlikely to be appreciated by Plaintiff CHRISTOPHER DEFRANCO.

14. As a direct and proximate result of the negligent breach of the aforementioned duties owed to Plaintiff CHRISTOPHER DEFRANCO, he was caused to sustain bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing condition. The losses are either permanent or continuing and Plaintiff CHRISTOPHER DEFRANCO will suffer such losses in the future.

## **COUNT II – NEGLIGENCE OF NCL BAHAMAS LTD**

**Plaintiff CHRISTOPHER DEFRANCO references, incorporates, and realleges the allegations of Paragraphs 1 through 7 as fully as if set forth herein.**

15. At all times material hereto, Defendant NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, was, and still is, a Bahamian or other foreign corporation doing business with substantial business contacts in Miami, Miami-Dade County, Florida.

16. At all times material hereto, Defendant NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, owned, operated, chartered, and/or managed the passenger cruise ship *M/S "NORWEGIAN DAWN,"* which was, and still is, used for the transportation of passengers for hire upon international navigable waters.

17. At all times material hereto, Defendant NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, committed one or more of the acts set forth in Sections 48.081, 48.091, 48.181, 48.19, and/or 48.193,

Florida Statutes.

18. At all times material hereto, Defendant NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed a duty to Plaintiff CHRISTOPHER DEFRANCO to exercise reasonable care under the circumstances for his safety and to maintain the inside of its vessel, including the Gatsby Lounge, to make sure it was free from dangerous conditions including, but not limited to, loose ceiling panels which needed repair and/or maintenance.

19. Defendant NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, breached the aforesaid duty owed to Plaintiff CHRISTOPHER DEFRANCO by committing one or more of the following acts:

    a. Negligently failing to exercise reasonable care under the circumstances for Plaintiff CHRISTOPHER DEFRANCO's safety; and/or

    b. Negligently creating a dangerous and unsafe condition in the area where Plaintiff CHRISTOPHER DEFRANCO was struck by a falling ceiling panel and/or piece of the ceiling; and/or

    c. Negligently failing to maintain the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck in a reasonably safe condition; and/or

    d. Negligently failing to warn Plaintiff CHRISTOPHER DEFRANCO of the dangerous and unsafe condition in the Gatsby Lounge; and/or

    e. Negligently failing to post any adequate warning signs or similar devices to alert Plaintiff CHRISTOPHER DEFRANCO to the dangerous and unsafe condition posed by the ceiling; and/or

    f. Negligently failing to properly train and/or supervise its crew members and/or

      employees to properly inspect and maintain the area where Plaintiff CHRISTOPHER DEFRANCO was struck by falling ceiling panels; and/or

   g. Negligently failing to implement policies or procedures to keep the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck safe during those hours of operation when passengers, such as Plaintiff CHRISTOPHER DEFRANCO, would most likely be utilizing the area; and/or

   h. Negligently failing to institute safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the ceiling and/or areas where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe; and/or

   i. Negligently failing to properly carry out safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the area where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe.

20. The dangerous and unsafe condition of the ceiling and/or areas surrounding where Plaintiff CHRISTOPHER DEFRANCO was struck was known to Defendant NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, but was unknown and unlikely to be appreciated by Plaintiff CHRISTOPHER DEFRANCO.

21. As a direct and proximate result of the negligent breach of the aforementioned duties owed to Plaintiff CHRISTOPHER DEFRANCO, he was caused to sustain bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss

of earnings, loss of ability to earn money, and aggravation of a previous existing condition. The losses are either permanent or continuing and Plaintiff CHRISTOPHER DEFRANCO will suffer such losses in the future.

## **COUNT III – NEGLIGENCE OF NCL CORPORATION LTD**

**Plaintiff CHRISTOPHER DEFRANCO references, incorporates, and realleges the allegations of Paragraphs 1 through 7 as fully as if set forth herein.**

22. At all times material hereto, NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, was, and still is, a Bahamian or other foreign corporation doing business with substantial business contacts in Miami, Miami-Dade County, Florida.

23. At all times material hereto, Defendant NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, owned, operated, chartered, and/or managed the passenger cruise ship *M/S "NORWEGIAN DAWN,"* which was, and still is, used for the transportation of passengers for hire upon international navigable waters.

24. At all times material hereto, Defendant NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, committed one or more of the acts set forth in Sections 48.081, 48.091, 48.181, 48.19, and/or 48.193, Florida Statutes.

25. At all times material hereto, Defendant NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed a duty to Plaintiff CHRISTOPHER DEFRANCO to exercise reasonable care under the circumstances for his safety and to maintain the inside of its vessel, including the Gatsby Lounge, to make sure it was free from dangerous conditions including, but not limited to, loose ceiling panels which needed repair

and/or maintenance.

26. Defendant NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, breached the aforesaid duty owed to Plaintiff CHRISTOPHER DEFRANCO by committing one or more of the following acts:

   a. Negligently failing to exercise reasonable care under the circumstances for Plaintiff CHRISTOPHER DEFRANCO's safety; and/or

   b. Negligently creating a dangerous and unsafe condition in the area where Plaintiff CHRISTOPHER DEFRANCO was struck by a falling ceiling panel and/or piece of the ceiling; and/or

   c. Negligently failing to maintain the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck in a reasonably safe condition; and/or

   d. Negligently failing to warn Plaintiff CHRISTOPHER DEFRANCO of the dangerous and unsafe condition in the Gatsby Lounge; and/or

   e. Negligently failing to post any adequate warning signs or similar devices to alert Plaintiff CHRISTOPHER DEFRANCO to the dangerous and unsafe condition posed by the ceiling; and/or

   f. Negligently failing to properly train and/or supervise its crew members and/or employees to properly inspect and maintain the area where Plaintiff CHRISTOPHER DEFRANCO was struck by falling ceiling panels; and/or

   g. Negligently failing to implement policies or procedures to keep the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck safe during those hours of operation when passengers, such as Plaintiff CHRISTOPHER DEFRANCO, would most likely be utilizing the area; and/or

    h. Negligently failing to institute safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the ceiling and/or areas where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe; and/or

    i. Negligently failing to properly carry out safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the area where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe.

27. The dangerous and unsafe condition of the area where Plaintiff CHRISTOPHER DEFRANCO was struck was known to Defendant NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, through its agents, servants, and/or employees, but was unknown and unlikely to be appreciated by Plaintiff CHRISTOPHER DEFRANCO.

28. As a direct and proximate result of the negligent breach of the aforementioned duties owed to Plaintiff CHRISTOPHER DEFRANCO, he was caused to sustain bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing condition. The losses are either permanent or continuing and Plaintiff CHRISTOPHER DEFRANCO will suffer such losses in the future.

### COUNT IV – NEGLIGENCE OF NORWEGIAN DAWN LIMITED

**Plaintiff CHRISTOPHER DEFRANCO references, incorporates, and realleges the allegations of Paragraphs 1 through 7 as fully as if set forth herein.**

29. At all times material hereto, NORWEGIAN DAWN LIMITED, a foreign corporation, was, and still is, an Isle of Man or other foreign corporation doing business with substantial business contacts in Miami, Miami-Dade County, Florida.

30. At all times material hereto, Defendant NORWEGIAN DAWN LIMITED, a foreign company, owned, operated, chartered, and/or managed the passenger cruise ship *M/S "NORWEGIAN DAWN,"* which was, and still is, used for the transportation of passengers for hire upon international navigable waters.

31. At all times material hereto, Defendant NORWEGIAN DAWN LIMITED, a foreign company, through its agents, servants, and/or employees, committed one or more of the acts set forth in Sections 48.081, 48.091, 48.181, 48.19, and/or 48.193, Florida Statutes.

32. At all times material hereto, Defendant NORWEGIAN DAWN LIMITED, a foreign corporation, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed a duty to Plaintiff CHRISTOPHER DEFRANCO to exercise reasonable care under the circumstances for his safety and to maintain the inside of its vessel, including the Gatsby Lounge, to make sure it was free from dangerous conditions including, but not limited to, loose ceiling panels which needed repair and/or maintenance.

33. Defendant NORWEGIAN DAWN LIMITED, a foreign corporation, through its agents, servants, and/or employees, breached the aforesaid duty owed to Plaintiff CHRISTOPHER DEFRANCO by committing one or more of the following acts:

    a. Negligently failing to exercise reasonable care under the circumstances for Plaintiff CHRISTOPHER DEFRANCO's safety; and/or

    b. Negligently creating a dangerous and unsafe condition in the area where Plaintiff CHRISTOPHER DEFRANCO was struck by a falling ceiling panel and/or piece of the

ceiling; and/or

c. Negligently failing to maintain the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck in a reasonably safe condition; and/or

d. Negligently failing to warn Plaintiff CHRISTOPHER DEFRANCO of the dangerous and unsafe condition in the Gatsby Lounge; and/or

e. Negligently failing to post any adequate warning signs or similar devices to alert Plaintiff CHRISTOPHER DEFRANCO to the dangerous and unsafe condition posed by the ceiling; and/or

f. Negligently failing to properly train and/or supervise its crew members and/or employees to properly inspect and maintain the area where Plaintiff CHRISTOPHER DEFRANCO was struck by falling ceiling panels; and/or

g. Negligently failing to implement policies or procedures to keep the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck safe during those hours of operation when passengers, such as Plaintiff CHRISTOPHER DEFRANCO, would most likely be utilizing the area; and/or

h. Negligently failing to institute safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the ceiling and/or areas where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe; and/or

i. Negligently failing to properly carry out safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the area where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe.

34. The dangerous and unsafe condition of the area where Plaintiff CHRISTOPHER DEFRANCO was struck was known to Defendant NORWEGIAN DAWN LIMITED, a foreign corporation, through its agents, servants, and/or employees, but was unknown and unlikely to be appreciated by Plaintiff CHRISTOPHER DEFRANCO.

35. As a direct and proximate result of the negligent breach of the aforementioned duties owed to Plaintiff CHRISTOPHER DEFRANCO, he was caused to sustain bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing condition. The losses are either permanent or continuing and Plaintiff CHRISTOPHER DEFRANCO will suffer such losses in the future.

## COUNT V – NEGLIGENCE OF NCL AMERICA LLC

**Plaintiff CHRISTOPHER DEFRANCO references, incorporates, and realleges the allegations of Paragraphs 1 through 7 as fully as if set forth herein.**

36. At all times material hereto, Defendant NCL AMERICA LLC, a Delaware Limited Liability Company, was, and still is, a Delaware Limited Liability Company doing business with substantial business contacts in Miami, Miami-Dade County, Florida.

37. At all times material hereto, Defendant NCL AMERICA LLC, a Delaware Limited Liability Company, owned, operated, chartered, and/or managed the passenger cruise ship M/S "NORWEGIAN DAWN," which was, and still is, used for the transportation of passengers for hire upon international navigable waters.

38. At all times material hereto, Defendant NCL AMERICA LLC, a Delaware Limited Liability Company, through its agents, servants, and/or employees, committed one or more of the acts

set forth in Sections 48.081, 48.091, 48.181, 48.19, and/or 48.193, Florida Statutes.

39. At all times material hereto, Defendant NCL AMERICA LLC, a Delaware Limited Liability Company, through its agents, servants, and/or employees, owed and/or voluntarily undertook and assumed a duty to Plaintiff CHRISTOPHER DEFRANCO to exercise reasonable care under the circumstances for his safety, and to maintain the inside of its vessel, including the Gatsby Lounge, to make sure it was free from dangerous conditions including, but not limited to, loose ceiling panels which needed repair and/or maintenance.

40. Defendant NCL AMERICA LLC, a Delaware Limited Liability Company, through its agents, servants, and/or employees, breached the aforesaid duty owed to Plaintiff CHRISTOPHER DEFRANCO by committing one or more of the following acts:

   a. Negligently failing to exercise reasonable care under the circumstances for Plaintiff CHRISTOPHER DEFRANCO's safety; and/or

   b. Negligently creating a dangerous and unsafe condition in the area where Plaintiff CHRISTOPHER DEFRANCO was struck by a falling ceiling panel and/or piece of the ceiling; and/or

   c. Negligently failing to maintain the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck in a reasonably safe condition; and/or

   d. Negligently failing to warn Plaintiff CHRISTOPHER DEFRANCO of the dangerous and unsafe condition in the Gatsby Lounge; and/or

   e. Negligently failing to post any adequate warning signs or similar devices to alert Plaintiff CHRISTOPHER DEFRANCO to the dangerous and unsafe condition posed by the ceiling; and/or

   f. Negligently failing to properly train and/or supervise its crew members and/or

    employees to properly inspect and maintain the area where Plaintiff CHRISTOPHER DEFRANCO was struck by falling ceiling panels; and/or

g. Negligently failing to implement policies or procedures to keep the ceiling and/or area where Plaintiff CHRISTOPHER DEFRANCO was struck safe during those hours of operation when passengers, such as Plaintiff CHRISTOPHER DEFRANCO, would most likely be utilizing the area; and/or

h. Negligently failing to institute safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the ceiling and/or areas where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe; and/or

i. Negligently failing to properly carry out safety inspection procedures to make sure that such dangerous and unsafe conditions aboard the Vessel, and more particularly the area where Plaintiff CHRISTOPHER DEFRANCO was struck, were discovered and made safe.

41. The dangerous and unsafe condition of the area where Plaintiff CHRISTOPHER DEFRANCO was struck was known to Defendant NCL AMERICA LLC, a Delaware Limited Liability Company, through its agents, servants, and/or employees, but was unknown and unlikely to be appreciated by Plaintiff CHRISTOPHER DEFRANCO.

42. As a direct and proximate result of the negligent breach of the aforementioned duties owed to Plaintiff CHRISTOPHER DEFRANCO, he was caused to sustain bodily injury and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previous existing

condition. The losses are either permanent or continuing and Plaintiff CHRISTOPHER DEFRANCO will suffer such losses in the future.

WHEREFORE, Plaintiff CHRISTOPHER DEFRANCO demands trial by jury and requests this Court enter judgment against Defendants NORWEGIAN CRUISE LINE HOLDINGS, LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NCL BAHAMAS LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NCL CORPORATION LTD, *d/b/a* NORWEGIAN CRUISE LINE, a foreign corporation, NORWEGIAN DAWN LIMITED, a foreign corporation, and NCL AMERICA LLC, a Delaware Limited Liability Company, for damages, along with pre- and post-judgment interest, costs of suit, and such other or further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff CHRISTOPHER DEFRANCO demands trial by jury of all issues so triable as of right.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 11, 2019 the foregoing was electronically filed with the Clerk of Court using CM/ECF.

            **TODD ROSEN LAW GROUP**
            *Attorneys for Plaintiff*
            201 Alhambra Circle, Suite 601
            Coral Gables, Florida 33134
            Tel: 305/285-3022/Fax: 305/675-8090
            Service Email: pleadings@toddrosenlaw.com

        By:  */s/ Todd Rosen*
              Todd Rosen, Esquire
              Florida Bar No.: 0527181