UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-20157-FAM

CHRISTOPHER DEFRANCO,

    *Plaintiff*,

vs.

NORWEGIAN CRUISE LINE HOLDINGS, LTD, d/b/a NORWEGIAN CRUISE LINE, a foreign corporation, NCL BAHAMAS LTD, d/b/a NORWEGIAN CRUISE LINE, a foreign corporation, NCL CORPORATION LTD, d/b/a NORWEGIAN CRUISE LINE, a foreign corporation, NORWEGIAN DAWN LIMITED, a foreign corporation, NCL AMERICA LLC, a Delaware Limited Liability Company,

    *Defendants*.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant NCL (BAHAMAS) LTD ("NCL"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby serves its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint.

### JURISDICTION

1. Admitted on information and belief, including information furnished by Plaintiff.

2. Admitted that Plaintiff alleges damages in excess of $75,000.00. Denied as to Plaintiff's entitlement thereto.

3. Admitted.

4. Admitted only that Plaintiff was a passenger on the subject vessel.

5. Admitted on information and belief, including information furnished by Plaintiff.

## GENERAL ALLEGATIONS

6. Denied.

7. Denied.

## COUNT I - NEGLIGENCE OF NORWEGIAN CRUISE LINE HOLDINGS, LTD.

As stated in Plaintiff's First Motion for Leave to File Second Amended Complaint [DE 5], this defendant has not been served and Plaintiff intends to dismiss his claim against this defendant. To the extent that any allegation in this Count, paragraphs 8-14, including all sub-paragraphs, is alleged against NCL, same is denied.

## COUNT II – NEGLIGENCE OF NCL BAHAMAS LTD

15. Admitted for purposes of this litigation only.

16. Admitted that NCL operated the subject vessel.

17. Admitted for purposes of this litigation only.

18. Denied as an incomplete statement of law.

19. Denied, including subparagraphs (a) – (i).

20. Denied.

21. Denied.

## COUNT III – NEGLIGENCE OF NCL CORPORATION LTD

As stated in Plaintiff's First Motion for Leave to File Second Amended Complaint [DE 5], this defendant has not been served and Plaintiff intends to dismiss his claim against this defendant. To the extent that any allegation in this Count, paragraphs 22-28, including all sub-paragraphs, is alleged against NCL, same is denied.

*Case No.: 19-cv-20157-FAM*

## COUNT IV – NEGLIGENCE OF NCL DAWN LIMITED

As stated in Plaintiff's First Motion for Leave to File Second Amended Complaint [DE 5], this defendant has not been served and Plaintiff intends to dismiss his claim against this defendant. To the extent that any allegation in this Count, paragraphs 29-35, including all sub-paragraphs, is alleged against NCL, same is denied.

## COUNT II – NEGLIGENCE OF NCL AMERICA LLC

As stated in Plaintiff's First Motion for Leave to File Second Amended Complaint [DE 5], this defendant has not been served and Plaintiff intends to dismiss his claim against this defendant. To the extent that any allegation in this Count, paragraphs 36-42, including all sub-paragraphs, is alleged against NCL, same is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's own negligence was the sole proximate cause of her injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

2. Plaintiff's own negligence contributed to the subject accident and her injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to her own comparative negligence.

3. Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of Defendant and for which Defendant cannot be held liable.

4. NCL had no actual or constructive notice or knowledge of the alleged unreasonably dangerous condition.

5. NCL did not create the alleged unreasonably dangerous condition.

*Case No.: 19-cv-20157-FAM*

6. Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused his alleged injuries.

7. Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any alleged danger complained of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

8. The allegedly dangerous condition was apparent, open and obvious and should have been observed by Plaintiff in the ordinary course of his senses, barring any recovery by Plaintiff.

9. The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which NCL had no duty to protect Plaintiff.

10. NCL fully discharged its duty to Plaintiff by warning him of any dangers and/or unique conditions of the vessel.

11. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and NCL adopts and incorporates same in its entirety to its answer by reference.

12. Plaintiff's claims are governed by general maritime law and any recovery by Plaintiff is therefore limited by, and subject to, general maritime law.

13. To the extent applicable, any award of damages to Plaintiff must be reduced by any collateral source payments.

14. The alleged incident and injury may not have been fully disclosed, and therefore NCL reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE** the Defendant, NCL (Bahamas) LTD having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone: (305) 436-4377
Facsimile: (305) 468-2132

By: */s/ Todd L. Sussman*
    **Todd L. Sussman, Esq.**
    Florida Bar No. 0084729
    tsussman@ncl.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Todd L. Sussman*
    **Todd L. Sussman, Esq.**

*Case No.: 19-cv-20157-FAM*

## SERVICE LIST

*Christopher DeFranco vs. NCL (Bahamas) Ltd., et al*
Case No.: 19-cv-20157-FAM
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd L. Sussman, Esq. | Todd Rosen, Esq. |
| NORWEGIAN CRUISE LINE | TODD ROSEN LAW GROUP |
| 7665 Corporate Center Drive | 201 Alhambra Circle, Suite 601 |
| Miami, FL 33126 | Coral Gables, FL 33134 |
| Telephone: (305) 436-4653 | Telephone: (305) 285-3022 |
| Facsimile: (305) 468-2132 | Facsimile: (305) 675-8090 |
| tsussman@ncl.com | pleadings@toddrosenlaw.com |
| ddeluca@ncl.com | *Attorneys for Plaintiff* |
| *Attorneys for Defendant* | |